Judgment rendered July 15, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,962-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DONALD R. MODICUE                                    Plaintiff-Appellee

versus

PRINCE OF PEACE AUTO SALE                            Defendant-Appellant
LLC

* * * * *

Appealed from the
Monroe City Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-CV-04012

Honorable Tammy Deon Lee, Judge

* * * * *

BRIGETTE SWAYZER                                     In Proper Person

LAW OFFICE OF ANTHONY J.                             Counsel for Appellee
BRUSCATO
By: Anthony J. Bruscato

* * * * *

Before PITMAN, STEPHENS, and THOMPSON, JJ.

**STEPHENS, J.,**

This civil appeal arises out of the Monroe City Court, Ouachita Parish, the Honorable Tammy Deon Lee, Judge, presiding.  The defendant, Prince of Peace Auto Sale LLC ("Prince of Peace"), has proceeded *pro se* through Brigette Swayzer, its manager and sole member.  The instant appeal from the city court's ruling denying a motion for contempt will highlight the problems this has caused in this matter and serve as a warning to others who ponder the wisdom of self-representation in their own cases.  For the reasons set forth below, we affirm the judgment of the city court and remand with instructions for entry of a money judgment in favor of the defendant, Prince of Peace, for the credit it was awarded by this Court in its previous opinion.

### FACTS AND PROCEDURAL BACKGROUND

The plaintiff, Donald R. Modicue, purchased a used 2008 Ford Fusion from Prince of Peace on April 13, 2019, for a sale price of $3,995.00.  Modicue made a down payment of $1,500.00 and the remaining balance was financed at an interest rate of 29.9%, with installments to be paid to Prince of Peace.  Numerous undisclosed issues developed with the car immediately after Modicue purchased it.  The vehicle was "in and out of the shop," with Modicue having to pay for the repairs.  He missed several car payments before suing Prince of Peace seeking rescission of the sale and damages.  Prince of Peace seized the car for Modicue's failure to make the agreed-upon installment payments.

On July 7, 2020, the Monroe City Court rendered judgment in favor of Modicue, granting rescission of the sale and awarding him special damages in the amount of $3,591.78, general damages in the amount of $1,500.00, and attorney fees in the amount of $2,500.00, for a total award of $7,591.78.

Prince of Peace maintained possession of the vehicle. Prince of Peace, through Ms. Swayzer, was granted a suspensive appeal, which, on its face, appeared to be untimely. Although the record contained a certificate of mailing showing that notice of the judgment was sent to Ms. Swayzer on November 9, 2020, there was nothing in the record to show when it was received as it was not sent via certified or registered mail. Nonetheless, because Ms. Swayzer was a *pro se* litigant, and due to mail delays caused by COVID, this Court entertained the appeal.

This Court upheld the city court's finding in favor of Modicue that redhibitory defects existed warranting rescission of the "as is" sale and affirmed the judgment, but amended it to: (1) remove the $383.00 in special damages as unsupported and $1,500.00 in general damages as erroneous; and (2) include a credit to the seller of $1,708.78 representing the value derived by Modicue for use of the vehicle. This Court noted that this reduced the damages awarded to the plaintiff to $4,000.00.[1]

While the appeal was pending, Modicue filed a writ of *fieri facias* and proceeded to execute on the city court judgment. He received $8,000.17 from Prince of Peace via execution of the writ of *fieri facias*.[2] Once the Second Circuit's ruling became final, it is undisputed that the amount

---

[1] *See, Modicue v. Prince of Peace Auto Sale, LLC*, 54,095 (La. App. 2 Cir. 9/22/21), 328 So. 3d 1239, *writ denied*, 21-01864 (La. 2/15/22), 332 So. 3d 1188.

[2] Modicue executed on the judgment based on an erroneous assumption that this appeal was devolutive. It was not—it was suspensive. Modicue's argument that the appeal was converted to devolutive is incorrect. Per La. C.C.P. art. 2088(B), when an appeal bond is not timely appealed and the suspensive appeal is thus not perfected, the trial court maintains jurisdiction to convert an appeal from suspensive to devolutive. In the absence of such conversion, an appeal will be maintained as suspensive, as the appellate court cannot notice such an error on its own.

Modicue received from Prince of Peace via *fieri facias* was greater than the amount actually due him.

Ms. Swayzer filed a motion to enforce judgment. Modicue responded, pointing out that there had been no amicable demand and offering to resolve the matter through a consent judgment. The parties could not reach an agreement.

At that point Prince of Peace got an attorney. The motion to enforce was set for hearing three times. On December 27, 2023, and January 18, 2024, Modicue appeared but the attorney for Prince of Peace did not, so the trial court continued and reset the hearing. On January 31, 2024, when Modicue appeared and defendant's attorney failed to appear for a third time, the motion to enforce was dismissed without prejudice for failure to prosecute.

Instead, the attorney representing Prince of Peace withdrew, and Ms. Swayzer, acting *pro se* for defendant, noticed a judgment debtor rule. Modicue's counsel appeared for the rule on July 26, 2024. Ms. Swayzer did not obtain a transcript of these proceedings, so there is no record. However, Ms. Swayzer claims that Modicue acted improperly by failing to fully answer her questions and failing to produce the documents she requested. She filed a motion seeking to have Modicue held in contempt for misconduct during the judgment debtor rule. It is this motion that gives rise to the current appeal.

There was a hearing on Ms. Swayzer's motion for contempt. Ms. Swayzer argued that Modicue had been uncooperative and should be held in contempt. Modicue's attorney noted that there was no evidence of any action constituting contempt, and further, because there was no judgment in

3

her favor, Ms. Swayzer did not have the judgment debtor rule available to her as a remedy. Plaintiff's counsel also reminded the trial court that Ms. Swayzer had rejected an unconditional tender made by Modicue previously. The trial court denied Ms. Swayzer's contempt motion and advised her again she needed to retain legal counsel to help her follow the necessary procedures in securing her rights in this matter.

Ms. Swayzer, on behalf of Prince of Peace, has appealed from the trial court's denial of the motion for contempt.

## DISCUSSION

### *Prince of Peace's Argument*

Prince of Peace, through Ms. Swayzer, asserted one assignment of error: whether the trial court erred in dismissing the motion for contempt filed by Prince of Peace without determining whether a lawful court order had been violated and in advising Prince of Peace, who has been acting exclusively through Ms. Swayzer, to retain legal counsel. According to Ms. Swayzer, the lower court erred by failing to properly consider her motion for contempt.

In the motion for contempt, she alleged that Modicue failed to comply with a court-ordered judgment debtor examination and refused to produce documents as directed. The trial court erred because it did not analyze any of these required elements. There was no finding by the court that:

- no order existed;
- the order did not require production;
- compliance occurred;
- any refusal was justified.

4

Instead, urges Ms. Swayzer, her motion for contempt was dismissed without any legal analysis.  She contends that a court cannot decline to determine whether its own order was violated and failure to address the elements necessary for a finding of contempt constitutes an abuse of discretion.

Ms. Swayzer also takes issue with the trial court's ruling dismissing the motion and advising her to retain counsel.  She contends that the judgment should have contained legal reasoning and a factual basis for her determination.  As it lacked both, it was an abuse of judicial discretion.

Lastly, Ms. Swayzer contends that her *pro se* status is not a reason for denying her judicial relief.  She claims that the record contains no legal basis for dismissal substantively.

### ***Modicue's Argument***

Modicue claims that this appeal should be dismissed for lack of appellate jurisdiction or, alternatively, that the trial court's judgment should be affirmed, since there is nothing to support Ms. Swayzer's argument that Modicue has taken any action that could be characterized as contempt of court.  In a separate motion, Modicue urges that Prince of Peace's brief should be stricken for non-service upon plaintiff contrary to certification stating that such service had in fact been made.

In support of all of the above issues, Modicue points out that although some leniency is afforded *pro se* litigants, they are not excused from reasonable efforts to understand and comply with court rules and procedures. In this case, Ms. Swayzer filed a motion to enforce without amicable demand.  Thereafter, on three separate occasions, she failed to proceed on the motion to enforce.  After the third hearing date, the motion to enforce was dismissed without prejudice for failure to prosecute.  Nothing in the trial

5

court's ruling prevents Prince of Peace from starting over, this time following the correct procedure.

Modicue points out that the judgment debtor rule filed by Ms. Swayzer was improper as there is no judgment in favor of Prince of Peace, a necessary precondition for the filing of a judgment debtor rule. *See*, La. C.C.P. art. 2451. At the hearing on Ms. Swayzer's motion for contempt, she failed to offer evidence to back up the motion for contempt, which is why her motion for contempt was not granted. Ms. Swayzer again failed to follow the ten-day rule for appeals and writs set forth in La. C.C.P. art. 5002 and failed to comply with the rule requiring service on opposing counsel.

Regarding the merits of this appeal, Modicue asserts that although the judgment debtor rule was not properly noticed, plaintiff appeared in response thereto. Nonetheless, Prince of Peace filed a motion for contempt, alleging Modicue's non-cooperation. When the motion for contempt came up for hearing, Ms. Swayzer failed to offer any evidence to support that plaintiff was in contempt. This is not a simple formality, urges Modicue. Ms. Swayzer did not present a transcript of the proceedings of the judgment debtor rule because there is not one. Plaintiff contends that Ms. Swayzer cannot even describe the offending behavior that constitutes contempt of court.

Modicue suggests that this Court dismiss the appeal for lack of jurisdiction, or, alternatively, affirm the trial court as there is no basis for reversal.

### *Analysis*

The sole issue on appeal is whether the trial court erred in granting the motion for contempt filed by Prince of Peace. This Court agrees with

6

Modicue that the trial court correctly found that there was no basis whatsoever for Ms. Swayzer's motion and, as such, no grounds for her motion for contempt. With no judgment, there can be no judgment debtor rule.

We point out that in the first appeal in this matter, Prince of Peace was granted a suspensive appeal. Modicue argued in his appellate brief that this prior appeal was devolutive. It was not. When an appeal bond is not timely filed and a suspensive appeal is not perfected, the **_trial court_** retains jurisdiction to convert the suspensive appeal to a devolutive appeal. La. C.C.P. art. 2088(B). The record in the prior appeal does not show that an appropriate motion was filed in the trial court. Therefore, the seizure by Modicue was arguably improper.

In its previous opinion, this Court affirmed the trial court's finding that redhibition warranted rescission of the sale but amended the judgment to reduce the amount of damages to which Modicue was entitled. Specifically, the award of general damages was removed, and Prince of Peace was given a credit in the form of a reduction of the amount assessed by the trial court for general damages. This reduced the damage award to Modicue from $7,591.78 to $4,000.00. _Modicue_, 54,095, p. 16, 328 So. 3d at 1250.

La. C.C.P. art. 1841 provides that a judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It further provides that a judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 2251 provides that a judgment can be executed only by a trial court. Article 2251 further provides that a party seeking to execute a judgment of an appellate court must first file a certified copy with the clerk of the trial court.

7

This Court's previous opinion constitutes a judgment as it determined the rights of the parties to this action, awarded relief to which they were entitled, and determined the merits of the matters before it. The amount of credit to which Prince of Peace was actually entitled was not specifically set forth in the prior opinion, so there is arguably ***no money judgment*** in its favor. For this reason, the judgment debtor remedy provided by La. C.C.P. arts. 2451 *et seq.*, was not available to Prince of Peace. Thus, the rule for contempt had no legal basis and the trial court's ruling denying said rule was proper. However, because the credit that Prince of Peace is owed is easily determinable from the language of this Court's previous opinion, in the interest of justice, *see* La. C.C.P. art. 2164, we are remanding this matter to the trial court to render judgment forthwith in favor of Prince of Peace awarding to it the credit it is owed by Modicue.

## CONCLUSION

For the reasons set forth above, the judgment of the trial court denying the rule for contempt filed by Prince of Peace is affirmed. This matter is remanded for the trial court to render judgment in favor of the defendant, Prince of Peace Auto Sale LLC, in the amount of the credit it is owed by the plaintiff, Daniel R. Modicue.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**